## The Sally.[1]

(*District Court, E. D. Pennsylvania.* December 24, 1883.)

ADMIRALTY—COLLISION BETWEEN FLOATING BARGE AND SAILING VESSEL—DUTY
ON MEETING IN NARROW STREAM.

> Where a barge, floating with the tide up a narrow creek, had her bow stuck
> in rubbish near the bank and her stern swung across the creek by the tide, and
> a collision with a sloop under sail coming down the creek might have been
> avoided by the man on the barge reversing his pole so as to turn the stern com-
> pletely around, *held*, the barge was in fault in holding her stern against the
> tide and thereby making a collision inevitable.

In Admiralty. Hearing on libel, answer and proofs.

Libel by the owners of the canal barge Henry S. Pence, against the
sloop Sally. The libelants claimed that on July 18, 1883, while the
barge Henry S. Pence was floating up the Woodbury creek, and had
proceeded about half a mile from its mouth, she was struck upon the
starboard side by the sloop Sally, although the sloop had ample time
and sufficient water to go astern of the barge. The respondent con-
tended that as the sloop, proceeding down the creek, rounded a curve,
the barge was seen about 100 yards distant, directly across the creek,
floating up with the tide; that the barge was insufficiently and neg-
ligently manned by only one man, who was using a pole on her star-
board side near the stern, and paid no attention to the approach of
the sloop, although several men upon the shore called out to him.
The sloop at once starboarded her wheel, and tried to go under the
barge's stern expecting that the barge would allow her stern to drift
up, but the man on the barge held her stern with the pole, making a
collision inevitable.

*John A. Toomey,* for libelant.

*Edward F. Pugh,* for respondent.

BUTLER, J. The libel must be dismissed. Whether the barge was
sufficiently manned, and, if not, whether this had anything to do with
the result, need not be considered. Her position in the creek, bar-
ring the channel, was improper and inexcusable. Her bow appears to
have been interfered with by rubbish at the side of the stream, and
her stern swung around, under the influence of the tide. I do not
think the wind had anything to do with it. Whether it had or not
does not seem, however, material. Her stern would have gone com-
pletely around if her master had not prevented it. Desiring to right
his boat, he held her stern against the tide with his pole. This was
proper at the time he commenced it, and doubtless would soon have
relieved the bow and turned it up stream. His mistake, however,
was in continuing it after the sloop came into view. Had he reversed
his pole and added his strength to the force of the tide, he would have
opened the channel before the sloop reached him. As it was his duty

---

[1] Reported by Albert B. Guilbert, Esq., of the Philadelphia bar.

to do this, the sloop was justified in supposing he would, and going forward. Seeing that he still held his boat across the stream he was cautioned to let her stern go, and every proper effort made to arrest the sloop's headway. He persisted, however, in his folly, and was struck. That the accident occurred in this way, and from this cause, seems very clear from the evidence on both sides. Directly after, the master of the barge repeatedly admitted his fault, and exonerated the sloop.

A decree must be entered dismissing the libel, with costs.